IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISON

| | | |
|---|---|---|
| Corey Jawan Robinson, | ) | Civil Action No. 5:18-2175-BHH |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Mrs. Carpenter, Lt. Willie May Scott, and Officer Kirland, | ) | |
| Defendants. | ) | |

Plaintiff Corey Jawan Robinson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights while incarcerated in Turbeville Correctional Institution ("TCI"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report 1") issued by the Magistrate Judge on September 6, 2018 (ECF No. 19) recommending that the Court partially dismiss the complaint *without prejudice* to the extent that it attempts to allege claims for sexual harassment, retaliation, false disciplinary charges, and failure to award protective custody or room change. The matter is also before the Court for review of the Report and Recommendation ("Report 2") issued by the Magistrate Judge on April 29, 2019 (ECF No. 60) recommending that the Court grant Defendants Mrs. Carpenter, Lieutenant William May Scott ("Scott"), and Officer Kirkland's ("Kirkland") (collectively "Defendants") motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 43) and dismiss this case in its

1

entirety. (*See* ECF No. 60 at 7.) Report 1 and Report 2 set forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge West issued Report 1 on September 6, 2018. (ECF No. 19.) Neither Plaintiff nor Defendants objected to Report 1. Magistrate Judge West issued Report 2 on April 29, 2019. (ECF No. 60.) Plaintiff filed objections on May 23, 2019. (ECF No. 75.) Defendants filed a reply to Plaintiff's objections on June 5, 2019. (ECF No. 76.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

## DISCUSSION

**Report 1**

In Report 1, the Magistrate Judge found that: (1) Plaintiff's allegations of sexual harassment were insufficient to state a plausible Eight Amendment claim because there are no allegations of sexual contact or touching by any Defendant (ECF No. 19 at 3); (2) Plaintiff failed to state a plausible retaliation claim because there are no allegations that he has been prevented from pursuing lawsuits or otherwise exercising any of his constitutional rights by Defendants' actions (*id.* 3–4); (3) Plaintiff failed to state a plausible claim of false disciplinary charges because Plaintiff's own allegations show that he received a hearing on any such charges (*id.* at 4); (4) Plaintiff's allegations about Defendant Carpenter's refusal to place him in protective custody or in another room fail to state a plausible constitutional claim in light of the well-established deference granted to prison officials in the are of classification and residential placement (*id.* at 4–5); and (5) Plaintiff's allegations do state a facially plausible Eighth Amendment excessive force claim arising from Defendants' alleged participation in the June 25, 2018 gassing/beating incident at TCI (*id.* at 5). Accordingly, the Magistrate Judge recommended that this Court partially dismiss the complaint in this case *without prejudice* to the extent that it attempts to allege claims for sexual harassment, retaliation, false disciplinary charges, and failure to award protective custody or room change. (*Id.*) The Magistrate Judge further directed that the complaint be served on all Defendants with directions that they respond to the excessive force claim only. (*Id.*)

The parties filed no objections to Report 1. After review, the Court finds no error and agrees with the sound reasoning and conclusions of the Magistrate Judge.

Accordingly, Report 1 (ECF No. 19) is adopted and Plaintiff's claims for sexual harassment, retaliation, false disciplinary charges, and failure to award protective custody or room change are dismissed *without prejudice*.

**Report 2**

The Magistrate Judge first noted that because she considered matters outside of the pleadings in conducting her analysis and in making her recommendation, that the Court should consider Defendants' motion to be one for summary judgment. (*See* ECF No. 60 at 1 n.2.) The Court adopts this approach to the analysis without objection.

The substance of Plaintiff's excessive force allegation is that Kirkland and Scott, when returning him to his cell after a June 25, 2018 disciplinary hearing, beat him for fifteen minutes, hitting his head against the wall and injuring his left foot. (*See* ECF No. 1 at 5, 7.) Plaintiff further claims that Scott sprayed him with chemical munitions and that he was handcuffed at the time of the alleged assault. (*Id.*) The Magistrate Judge found, based on the exhibits filed by the parties and on Plaintiff's own admissions, that Plaintiff failed to exhaust his administrative remedies prior to filing the complaint. (ECF No. 60 at 6.) Specifically, Plaintiff did not include a Request to Staff Member ("RTSM") form as instructed by the Inmate Grievance Coordinator ("IGC") in response to his Step 1 grievance, which Plaintiff initially submitted as an "emergency grievance," nor did he file or attempt to file a Step 2 grievance concerning the June 25, 2018 incident. (*See id.* at 3–7.)

Plaintiff objects by arguing that his emergency grievance was not processed according to South Carolina Department of Corrections ("SCDC") policy, and that there was no need to submit an RTSM form with his grievance because the purpose of an

"emergency" grievance is to achieve expedited processing without the encumbering step of attaching a RTSM. (*See* ECF No. 75 at 1–2.) Plaintiff's assertion that the emergency grievance was not properly processed was found to be inaccurate by Magistrate Judge West because the returned grievance shows that it was forwarded to the Inmate Grievance Branch Chief per SCDC policy and returned for failure to attach an RTSM. (*See* ECF No. 43-5 at 1.) Plaintiff failed to follow the specific instructions of the IGC to refile his grievance within five (5) days of the date of receiving a response to the RTSM, which instructions included a suggestion of the specific supervisory official to whom Plaintiff should send the RTSM. (*Id.*) Moreover, the SCDC Inmate Grievance System Policy (the "Policy") does not, as a general matter, exempt emergency grievances from the requirement of a RTSM. Section 13.2 of the Policy states that "in certain cases, informal resolution may not be appropriate or possible (e.g., when the matter involves allegations of criminal activity)." (ECF No. 43-3 at 7.) However, Plaintiff has not demonstrated that such circumstances were implicated in this case, nor has he shown that his "emergency" grievance was accepted by the relevant officials—namely, the Inmate Grievance Branch Chief and the Warden—as implicating a true emergency, which *under certain circumstances* would substantiate a context obviating the requirement of a RTSM. Finally, Plaintiff has not contested or explained his failure to submit a Step 2 grievance. Accordingly, the Court finds no error in the Magistrate Judge's analysis and recommendation, and Plaintiff's objections are overruled.

## **CONCLUSION**

For the reasons set forth above, Report 1 (ECF No. 19) and Report 2 (ECF No. 60) of the Magistrate Judge are ADOPTED and incorporated herein. Plaintiff's claims for

sexual harassment, retaliation, false disciplinary charges, and failure to award protective custody or room change are dismissed *without prejudice* for failure to state a claim upon which relief can be granted. The Court OVERRULES Plaintiff's objections (ECF No. 75) to Report 2. Defendants' motion for summary judgment (ECF No. 43) is GRANTED and the case is dismissed. As with Plaintiff's other claims, the dismissal of his excessive force claim is also *without prejudice* because it is premised on Plaintiff's failure to exhaust his administrative remedies. *See Lee v. South Carolina Dep't. of Corrections*, No. 15-4415, 2016 WL 3176582 at *1–2 (D.S.C. June 2, 2016) (dismissing case without prejudice due to prisoner's failure to exhaust administrative remedies).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 13, 2019
Charleston, South Carolina